RECEIPT # 65318a
AMOUNT $ 250
SUMMONS ISSUED Y-3
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
6-30-05

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Gannon & Scott, Inc. | : |
| | : |
| Plaintiff | : |
| | : |
| vs. | : Civil Action No. |
| | : |
| Peggy Tolan and Elizabeth Tolan | : |
| and Sarah Tolan | : |
| | : |
| Defendants | : |

# 05-11386 WGY

MAGISTRATE JUDGE _Alexander_

## COMPLAINT FOR STATUTORY INTERPLEADER

### Jurisdiction and Venue

1.     Plaintiff Gannon & Scott, Inc. ("Gannon & Scott") is a corporation authorized to do business in the State of Rhode Island with a business address of 33 Kenney Drive, Cranston, Rhode Island.

2.     Defendant Peggy Tolan ("Defendant Peggy") is an individual presently incarcerated in the Commonwealth of Massachusetts and she was the wife of the late Edward Tolan.

3.     Defendants Elizabeth Tolan and Sarah Tolan ("Defendants Elizabeth and Sarah") are individuals residing in the Commonwealth of Massachusetts and are the daughters of the late Edward Tolan.

4.     The Court has jurisdiction over this statutory interpleader action pursuant to the provisions of 28 U.S.C. § 1335(a) in that:

    a.      Plaintiff Gannon & Scott and Defendant Peggy are citizens of different

           states.

    b.      Plaintiff Gannon & Scott and Defendants Elizabeth and Sarah are citizens

           of different states.

    c.      The dispute between Defendant Peggy and Defendants Elizabeth and

           Sarah involves ownership of the late Edward Tolan's ERISA qualified

           retirement plan proceeds exceeding the sum of $30,000.00.

    d.      The Plaintiff is the custodian of the disputed retirement plan proceeds

           (described below) and has contemporaneously filed a Motion for Leave to

           Deposit Funds into the Registry of the Court.

5.      Venue in this Court is proper under 28 U.S.C. § 1397 in that one or more of the claimants reside in Massachusetts.

## Adverse Claims to Retirement Plan Proceeds

6.      Edward Tolan died December 2, 2002 with an ERISA qualified retirement plan account naming his daughters, Defendants Elizabeth and Sarah as Primary Beneficiaries to the proceeds. The Beneficiary Designation Form for an Unmarried Participant is attached hereto as Exhibit A.

7.      After naming Defendants Elizabeth and Sarah as Primary Beneficiaries to the proceeds of the retirement plan account, the late Edward Tolan married Defendant Peggy.

8.      Pursuant to the Beneficiary Designation Form for an Unmarried Participant (the "Form") and pursuant to federal ERISA statutes, if a participant gets married after completing the

Form, then the new spouse automatically becomes the Primary Beneficiary and the named Primary Beneficiaries are substituted for the Secondary Beneficiaries (See Exhibit A).

9.    The late Edward Tolan did not complete a Beneficiary Designation Form For a Married Participant to change the Primary and Secondary Beneficiaries after he married.

10.    Defendant Peggy was indicted and eventually convicted for the murder of the late Edward Tolan (See Exhibit B) and accordingly may be precluded by state slayer statutes or by federal common law from claiming and/or collecting the retirement plan proceeds.

## Necessity for Interpleader

12.    Plaintiff Gannon & Scott has no interest in or claim to the ERISA qualified retirement plan proceeds of the late Edward Tolan. Plaintiff Gannon & Scott has no interest in the claim of any of the adverse claimants.

13.    The amount in Edward Tolan's retirement plan is $34,806.06 (See Exhibit C).

14.    Gannon & Scott is required to withhold 20% ($6,961.21) for mandatory federal tax withholding if the beneficiary is not the spouse. If the spouse is determined by this court to be the proper recipient of the retirement plan proceeds, the amount withheld ($6,961.21) will be released to the spouse along with the balance of $27,844.85. If this court determines that the daughters are the proper recipients of the retirement plan proceeds the amount withheld ($6,961.21) must be and will be paid over to the Internal Revenue Service.

15.    Under the provisions of 28 U.S.C. § 1335(a), Plaintiff is entitled to join all claimants to the retirement plan proceeds in a single action and require each to seek a judicial determination as to lawful ownership of the disputed proceeds so as to avoid the possibility of multiple litigation and double or inconsistent liability.

16.     Plaintiff has contemporaneously filed a Motion for Leave to Deposit Funds solely to deposit the ERISA qualified retirement plan proceeds into the Registry of the Court and to be discharged from any further participation in this proceeding other than a judgment barring any further claims against Plaintiff as to the sums to be distributed as the retirement plan proceeds of the late Edward Tolan.

WHEREFORE, Plaintiff prays for the following relief:

1.     That the Court relieve and discharge Plaintiff from any further liability on any claim that has or may in the future be made concerning the late Edward Tolan's ERISA qualified retirement plan proceeds described in this Complaint or the beneficiaries of any part of it;

2.     That this Court determine which of the defendants, Defendant Peggy or Defendants Elizabeth and Sarah are entitled to the retirement plan proceeds of the late Edward Tolan;

3.     That this Court enjoin all the defendants from commencing or further prosecuting any action against Plaintiff based on the ERISA qualified retirement plan proceeds; and

4.     That Plaintiff have any and all other further relief to which it may be justly entitled.

Gannon & Scott, Inc.
By its Attorneys,

Dated: June 24 2005

Linda Rekas Sloan, Esq.
Salter, McGowan, Sylvia & Leonard,
      Incorporated
321 South Main Street, 3rd Floor
Providence, RI  02903
(401) 274-0300
(401) 453-0073 Fax
BBO 649246

F:\Contents\GANNON\CompforInterpleader.doc



.

## GANNON & SCOTT, INC.
## RETIREMENT PLAN
Beneficiary Designation Form
for an
Unmarried Participant

### INSTRUCTIONS:

First, please read the accompanying "Pre-Retirement Death Benefit Information". Then, complete Parts A and B. Sign Part C.

You may change your Beneficiary designations at any time by completing a new Beneficiary Designation Form.

If you marry after you complete this Form, your spouse automatically becomes your Primary Beneficiary and your Primary Beneficiary will be substituted for the Secondary Beneficiary you have named. You must complete the Beneficiary Designation Form (for a married participant) to change this result.

A.    Primary Beneficiary

I name _Elizabeth + Sarah Tolan    daughters    660 Fisher Rd N. Dartmouth, MA_
                  (name)            (relationship)        (address)
as my Primary Beneficiary to receive the death benefit payable under the Plan.

B.    Secondary Beneficiary

I name _____ .
                  (name)            (relationship)        (address)
as my Secondary Beneficiary to receive the death benefit payable under the Plan in the event my Primary Beneficiary does not survive me.

C.    Participant's Signature

_Edward J Tolan_                    _7/5/96_
Participant                          Date                REV. 12/2/93



# Commonwealth of Massachusetts

BRISTOL, SS.

*At the SUPERIOR COURT holden at New Bedford within and for the County of Bristol, for the transaction of criminal business on the first Monday of October, 2002,*

THE JURORS for the said Commonwealth on their oath present, That

Peggy Tolan,

on or about December 3, 2002, at Dartmouth, in the County of Bristol aforesaid,

did assault and beat Edward J. Tolan, Jr. with intent to murder him, and by such assault

and beating did kill and murder the said Edward J. Tolan, Jr.

(G.L. Chap. 265, Sec. 1)

A true bill.

*Foreperson of the Grand Jury.*

*Assistant District Attorney.*

MAS-20041213　　Case 1:05-cv-11386-WGY　Document 1　Filed 06/30/2005　Page 10 of 23　　04/07/2005
ommonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Criminal Docket
09:42 AM

## BRCR2002-01467
## Commonwealth v Tolan, Peggy

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 12/18/2002 | **Status** | Disposed (appeal pending) (dappen) | | | |
| **Status Date** | 01/06/2005 | **Session** | 2 - Crim 2 Ctrm 2 -lower (New Bedford) | | | |
| **Jury Trial** | Yes | **Origin** | I - Indictment | | | |
| **Lead Case** | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Arraignment** | 01/03/2003 | **Track** | | **Final PTC** | 04/03/2003 |
| **Disp. Deadline** 01/03/2004 | | **Deadline Status** Deadline active since return date | | **Status Date** | 01/03/2003 |
| **Pro Se Deft** | No | **Custody Status** Framingham MCI | | **Start Date** | 11/09/2004 |
| **Weapon** | Hand gun | **Substance** | | **Prior Record** | Unknown |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 12/03/2002 | 265/1 | Guilty verdict | 11/09/2004 |
| | MURDER c265 s1 | | | |

### PARTIES

**Plaintiff**
Commonwealth
Gender: Unknown
Active 12/18/2002

**District Atty's Office 168830**
Gerald T Fitzgerald
Bristol County District Atty's Office
888 Purchase Street
New Bedford, MA 02740
Phone: 508-997-0711
Fax: 508-997-0396
Inactive 02/22/2005

**District Atty's Office 181430**
Joan M Fund
888 Purchase Street
P.O. Box 973
New Bedford, MA 02741
Phone: 508-997-0711
Fax:
Inactive 02/22/2005

**District Atty's Office 094720**
Kevin E Connelly
Bristol County District Atty's Office
888 Purchase Street
New Bedford, MA 02740
Phone: 508-997-0711
Fax: 508-997-0396
Active 02/22/2005 Notify

MAS-20041213

Case 1:05-cv-11386-WGY    Document 1    Filed 06/30/2005    Page 11 of 23    04/07/2005

ommonwealth of Massachusetts
09:42 AM

BRISTOL SUPERIOR COURT
Case Summary
Criminal Docket

# BRCR2002-01467
## Commonwealth v Tolan, Peggy

| | |
|---|---|
| **Defendant**<br>Peggy Tolan<br>Gender: Female<br>Active 12/18/2002 | **Private Counsel 375465**<br>Francis M O'Boy<br>41 Harrison Street<br>Taunton, MA 02780<br>Phone: 508-823-1133<br>Fax: 508-824-2820<br>Withdrawn 01/14/2005 |
| | **Private Counsel 640780**<br>John L Dingee<br>41 Harrison Street<br>Taunton, MA 02780<br>Phone: 508-824-3600<br>Fax: 508-824-2820<br>Withdrawn 01/14/2005 |
| | **District Atty's Office 094720**<br>Kevin E Connelly<br>Bristol County District Atty's Office<br>888 Purchase Street<br>New Bedford, MA 02740<br>Phone: 508-997-0711<br>Fax: 508-997-0396<br>Inactive 02/22/2005 |
| | **Private Counsel 542006**<br>Benjamin H Keehn<br>Mass Public Counsel Services (Boston)<br>44 Bromfield Street<br>Suite 310-A<br>Boston, MA 02108<br>Phone: 617-482-6212<br>Fax: 617-988-8495<br>Active 02/22/2005 Notify |
| **Other interested party**<br>file copy<br>Gender: Unknown<br>Active 12/19/2002 Notify | |

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/18/2002 | 1.0 | Indictment returned |
| 01/03/2003 | 2.0 | Appearance of Deft's Atty: Francis M. O'Boy |
| 01/03/2003 | | Deft arraigned before Court |
| 01/03/2003 | | RE Offense 1:Plea of not guilty |

## BRCR2002-01467
## Commonwealth v Tolan, Peggy

| Date | Paper | Text |
|------|-------|------|
| 01/03/2003 | | Defendant ordered held without bail, without prejudice (John P. Connor, Justice) |
| 01/03/2003 | 3.0 | Mittimus without bail issued to Bristol House of Correction (Dartmouth) |
| 01/03/2003 | 4.0 | Motion by Deft: for Preservation of Notes of Police Officers and Assistant District Attorneys |
| 01/03/2003 | | Motion (P#4) ALLOWED without opposition with respect to original notes of any police officers or investigators and only with respect to written summaries of ADA of witnesses he has interviewed (excluding any comments or opinions relating thereto).   (John P. Connor, Justice) |
| 01/17/2003 | 5.0 | Motion by Deft: to be furnished with statements of promises, rewards, inducements or threats. |
| 01/17/2003 | 6.0 | Motion by Deft: for Disclosure of Prior and Subsequent bad acts. |
| 01/17/2003 | 7.0 | Motion by Deft: to inspect tangible evidence. |
| 01/17/2003 | 8.0 | Motion by Deft: to inspect written statements of commonwealth witnesses. |
| 01/17/2003 | 9.0 | Motion by Deft: for statements of the defendants. |
| 01/17/2003 | 10.0 | Motion by Deft: for the production of police reports. |
| 01/17/2003 | 11.0 | Motion by Deft: for Exculpatory Evidence. |
| 01/17/2003 | 12.0 | Motion by Deft: for a Bill of Particulars. |
| 01/17/2003 | 13.0 | Motion by Deft: for copies of photographs, audio tapes and videotapes. |
| 01/17/2003 | 14.0 | Motion by Deft: for Exculpatory evidence (Psychiatric records fo the alleged victim). |
| 01/17/2003 | 15.0 | Motion by Deft: for Discovery of Tests employed, test data and test results by the Commonwealth Experts. |
| 01/17/2003 | 16.0 | Motion by Deft: for a list of Witnesses the Commonwealth anticipates it may call at trial. |
| 01/17/2003 | 17.0 | Motion by Deft: for a list of all people interviewed by the police regarding this crime. |
| 01/17/2003 | 18.0 | Motion by Deft: for Discovery of Defendant's conduct that the government intends to introduce at trial as an implied admission. |
| 01/17/2003 | 19.0 | Motion by Deft: to inspect exhibits presented to the grand jury that returned the above numbered indictment. |
| 01/17/2003 | 20.0 | Motion by Deft: for copy of turret tape. |
| 01/17/2003 | 21.0 | Motion by Deft: for Preservation of Evidence. |
| 01/17/2003 | 22.0 | Motion by Deft: for Discovery and Production of Discoverable Information. |
| 01/17/2003 | 23.0 | Motion by Deft: for Discovery of Correspondence between the Commonwealth and the FBI re: Video Tapes. |
| 01/21/2003 | 24.0 | Motion by Deft: fpr further funds for a private investigator. |
| 01/21/2003 | 25.0 | Motion by Deft: for further funds for a computer expert; Affidavit in Support. |
| 01/22/2003 | | Motion (P#24) allowed (Robert J. Kane, Justice). Copies mailed January 27, 2003 |
| 01/22/2003 | | Motion (P#25) allowed (Robert J. Kane, Justice). Copies mailed |

MAS-20041213　　Case 1:05-cv-11386-WGY　Document 1　Filed 06/30/2005　Page 13 of 23　04/07/2005
Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Criminal Docket
09:42 AM

## BRCR2002-01467
## Commonwealth v Tolan, Peggy

| Date | Paper | Text |
|------|-------|------|
| | | January 27, 2003 |
| 01/22/2003 | 26.0 | Pre-trial conference report filed |
| 02/05/2003 | 27.0 | Motion by Deft: to Dismiss with Affidavit and memorandum in Support |
| 02/05/2003 | | Motion (P#6) allowed (Gary A. Nickerson, Justice). Copies mailed |
| | | February 06, 2003 |
| 02/05/2003 | | Motion (P#15) allowed (Gary A. Nickerson, Justice). Copies mailed |
| | | February 06, 2003 |
| 02/05/2003 | | Motion (P#16) allowed (Gary A. Nickerson, Justice). Copies mailed |
| | | February 06, 2003 |
| 02/05/2003 | | Motion (P#17) allowed (Gary A. Nickerson, Justice). Copies mailed |
| | | February 06, 2003 |
| 02/05/2003 | | Motion (P#18) denied (Gary A. Nickerson, Justice). Copies mailed |
| 02/05/2003 | | Motion (P#21) allowed (Gary A. Nickerson, Justice). Copies mailed |
| | | February 06, 2003 |
| 02/05/2003 | 28.0 | Motion by Deft: (P#23 ) No Action Taken |
| 02/28/2003 | | Hearing on (P#27) Defendant's Motion to Dismiss held, matter taken |
| | | under advisement (Connor, J.) |
| 02/28/2003 | 29.0 | Deft files Memorandum of Law in Support of Motion to Dismiss |
| 03/03/2003 | | Motion (P#27) denied (John P. Connor, Justice). Copies mailed |
| 04/14/2003 | 30.0 | Motion by Deft: for Funds for a Transcript |
| 04/18/2003 | | Motion (P#30) ALLOWED (David A. McLaughlin, Justice). Copies mailed |
| | | April 22, 2003 |
| 04/18/2003 | 31.0 | Transcript of testimony on Motion to Dismiss received volume #1 from |
| | | Marilyn Silvia court reporter, |
| 05/15/2003 | 32.0 | Motion by Deft: to be Released on her own Recognizance with Affidavit |
| | | in Support |
| 06/20/2003 | 33.0 | Motion by Deft: for Interrogation Notes |
| 06/30/2003 | | Motion (P#33) ALLOWED without objection.  Notes to be provided by |
| | | July 7, 2003.(E. Susan Garsh, Justice). |
| 06/30/2003 | | ORAL MOTION made for funds to have a transcript made of the |
| | | videotaped interview of the defendant -- Motion ALLOWED upon the |
| | | filing of an affidavit by counsel. |
| 01/09/2004 | 33.1 | Financial records from Bank One Card Services, CITI Mortgage, Inc. |
| | | and Fleet Boston Financial  received |
| 02/17/2004 | 34.0 | Motion by Deft: to Suppress Evidence |
| 02/17/2004 | 35.0 | Motion by Deft: for Allowance of Costs for Transcript of Vidiotape |
| | | with Affidavit in Support |
| 02/19/2004 | 36.0 | Motion by Commonwealth: for Access to Defendant by Commonwealth Expert |
| 02/24/2004 | 37.0 | Records from FleetBoston Financial re: Peggy and Edward Tolan received |
| 02/25/2004 | 38.0 | Deft files Motion for Further Allowance of Funds for Private |
| | | Investigator |
| 02/25/2004 | | Motion (P#38) ALLOWED (David A. McLaughlin, Justice). |
| 02/25/2004 | | Motion by Deft: based on the representation of defense counsel that |
| | | no psychiatrist or similarly qualified person will testify at the |
| | | suppression hearing on the basis of interviews with the defendant, |
| | | the Motion is Denied without prejudice to renew it if cercumstances |

MAS-20041213 Case 1:05-cv-11386-WGY Document 1 Filed 06/30/2005 Page 14 of 23
Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Criminal Docket
04/07/2005
09:42 AM

## BRCR2002-01467
## Commonwealth v Tolan, Peggy

| Date | Paper | Text |
|------|-------|------|
| | | change. (David A. McLaughlin, Justice) |
| 04/14/2004 | 39.0 | Motion by Deft: for Additional Allowance of Costs for Expert Witness |
| 04/14/2004 | | Motion (P#39) ALLOWED (Robert J. Kane, Justice). Copies mailed April 14, 2004 |
| 04/28/2004 | 40.0 | Hospital records from Southcoast received |
| 05/04/2004 | 41.0 | General correspondence regarding interview at the House of Correction |
| 05/10/2004 | 42.0 | ORDER: ON TENDER OF PROOF: the Court orders that the government provide a proffer of proof on why such a viewing is necessary, in addition to an analysis of alternative forms of proof such as testimonial evidence from a witness who has viewed the ten hour taping, combined with a showing of selected portions of the ten hour interrogation. This proffer of proof should be submitted within ten days of receipt of this order in order for the court to make a ruling.(Richard F. Connon, Justice) |
| 05/12/2004 | 43.0 | Ostrander Motion by Commonwealth to Compel Psychiatric Interview of Defendant with Memorandum and Affidavit |
| 05/19/2004 | | Hearing on (P#43) Ostrander Motion held, matter taken under advisement (Connon, J.) |
| 05/20/2004 | 44.0 | Records from Verizon Communications received |
| 05/20/2004 | 45.0 | Records from Attorney Nicholas Katsonis of deVerges & Katsonis received |
| 05/20/2004 | 46.0 | Records from Sprint received |
| 05/21/2004 | | Motion (P#43) allowed , however the interview shall be audio Taped in its entirety (Richard F. Connon, Justice). Copies mailed May 24, 2004 |
| 05/28/2004 | 47.0 | Lenscrafters records received |
| 06/08/2004 | 48.0 | Commonwealth files Response to Order on Tender of Proof |
| 06/10/2004 | 49.0 | Submission RE: Defendant's motion to suppress Evidence |
| 06/14/2004 | 50.0 | Records from Lens Crafters 2 received |
| 06/15/2004 | 51.0 | Court files Evidentiary Rulings re: Audio-Video Recordings |
| 06/16/2004 | | Records from Decas Cranberry Products, Inc. received |
| 06/16/2004 | 52.0 | Commonwealth files Response to Order on Tender of Proof |
| 06/16/2004 | 53.0 | Habeas corpus for Deft at Bristol House of Correction (Dartmouth) |
| 06/17/2004 | 54.0 | Records from Citi mortgage received |
| 06/28/2004 | 55.0 | ORDERED: Transcript of Motion to Suppress hearing (Kane, J.) |
| 07/16/2004 | 56.0 | Transcript of motion to suppress testimony from June 10, 2004 received volumes # 1 from court reporter, Saulnier, Lori E. |
| 07/16/2004 | 57.0 | Transcript of motion to suppress testimony from June 14, 2004 received volumes # 2 from court reporter, Saulnier, Lori E. |
| 07/16/2004 | 58.0 | Transcript of motion to suppress testimony from June 15, 2004 received volumes # 3 from court reporter, Saulnier, Lori E. (sent to Atty. O'Boy w/other two volumes) |
| 07/19/2004 | 59.0 | Habeas corpus for Deft at Bristol House of Correction (Dartmouth) |
| 07/20/2004 | 60.0 | Records from Stern-Leach Company received |
| 07/26/2004 | 61.0 | Habeas corpus for Deft at Bristol House of Correction (Dartmouth) |
| 08/02/2004 | | Hearing on (P#34) Motion to Suppress held, matter taken under advisement (Robert J. Kane, Justice) |

MAS-20041213
Case 1:05-cv-11386-WGY   Document 1   Filed 06/30/2005   Page 15 of 23
Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Criminal Docket

04/07/2005
09:42 AM

## BRCR2002-01467
## Commonwealth v Tolan, Peggy

| Date | Paper | Text |
|------|-------|------|
| 08/02/2004 | | Habe #61 returned w/service |
| 08/02/2004 | 62.0 | List of Exhibits re: Motion to Suppress |
| 08/02/2004 | 63.0 | Court Reporter Pallatroni, Kathy is hereby notified to prepare, out of order, one copy of the transcript of the evidence of August 02, 2004 (Kane. J.) |
| 08/02/2004 | 64.0 | Official Transcript from Holyoke Community College received |
| 08/13/2004 | 65.0 | Transcript of motion to suppress testimony from August 2, 2004 received volumes # 4 from court reporter, Kathy Pallatroni |
| 08/31/2004 | 66.0 | Commonwealth files Proposed Findings of Fact and Rulings of Law |
| 09/08/2004 | 67.0 | Deft files Proposed Findings of Fact and Rulings of Law |
| 09/14/2004 | 68.0 | FINDINGS, RULINGS AND ORDER: on Defendant's Motion to Suppress: based on the foregoing, defendant's motion to suppres is DENIED. (Robert J. Kane, Justice) |
| 09/22/2004 | 69.0 | Commonwealth's Petition to secure attendance of an out-of-state witness pursuant to G.L. ch.233, Section 13B. |
| 09/23/2004 | 70.0 | Records from Warwick Public Schools received |
| 09/23/2004 | 71.0 | Motion by Deft: to be Admitted to Reasonable Bail with Affidavit |
| 09/23/2004 | 72.0 | Motion by Deft: for Further Funds for Psychiatric Evaluation and Testimony with Affidavit |
| 09/24/2004 | 73.0 | Motion by Deft: to require attendance of out of state witness; affidavit in support |
| 09/28/2004 | 74.0 | Records received from Salter McGowan Sylvia and Leonard Inc. received |
| 09/30/2004 | 75.0 | Records from Rhode Island College received |
| 10/04/2004 | 76.0 | Motion by Deft: in Limine Re: Electronic Presentation of Evidence |
| 10/08/2004 | 77.0 | Motion by Deft: for further allowance of funds for private investigator; Affidavit in support |
| 10/13/2004 | 78.0 | Records from Gannon and Scott, Inc. received |
| 10/14/2004 | | Motion (P#71) DENIED (Robert J. Kane, Justice). Copies mailed 10/14/04 |
| 10/14/2004 | | Motion (P#72) ALLOWED. (Robert J. Kane, Justice). Copies mailed October 14, 2004 |
| 10/14/2004 | | Motion (P#76) ALLOWED. (Robert J. Kane, Justice). Copies mailed October 14, 2004 |
| 10/14/2004 | | Motion (P#77) ALLOWED. (Robert J. Kane, Justice). Copies mailed 10/14/04 |
| 10/29/2004 | 79.0 | Hospital records from St Lukes received |
| 10/29/2004 | 80.0 | Commonwealth files First List of Potential Witnesses; Certificate of Service. |
| 11/01/2004 | 81.0 | Records Received from the Registry of Deeds. |
| 11/01/2004 | 82.0 | Records received from Dartmouth Police Department. |
| 11/01/2004 | 83.0 | Commonwealth's motion in limine to preclude certain references. |
| 11/01/2004 | 84.0 | Defendant's motion in limine to sanitize recording of 911 call, this motion then WITHDRAWN in open court prior to empanelment. (Chin, J.) |
| 11/01/2004 | 85.0 | Defendant's second motion in limine: reference to decedent as "victim". |
| 11/01/2004 | 86.0 | Defendant's third motion in limine to sequester witnesses. |
| 11/01/2004 | 87.0 | Defendant's fourth motion in limine as to opening statement of the |

MAS-20041213    Case 1:05-cv-11386-WGY    Document 1    Filed 06/30/2005    Page 16 of 23    04/07/2005
mmonwealth of Massachusetts                                            09:42 AM
BRISTOL SUPERIOR COURT
Case Summary
Criminal Docket

## BRCR2002-01467
## Commonwealth v Tolan, Peggy

| Date | Paper | Text |
|------|-------|------|
| | 87.0 | assistant district attorney. |
| 11/01/2004 | 88.0 | Defendant's motion for peremptory challenges pursuant to Superior |
| | | Court Rule 6 and memorandum in support. |
| 11/01/2004 | 89.0 | Defendant's list of trial witnesses. |
| 11/01/2004 | 90.0 | Defendant's statement of the case. |
| 11/01/2004 | 91.0 | Defendant's suggested questions for the venire. |
| 11/01/2004 | 92.0 | Defendant's additional questions for the venire. |
| 11/01/2004 | | Defendant's motion #84: in limine to sanitize, this motion WITHDRAWN |
| | | in open court this morning prior to empanelment before (Chin, J.) |
| 11/01/2004 | | Commonwealth's motion #83: in limine to preclude certain references, |
| | | after review, no reference during opening statement, determination |
| | | reserved for later time as to admissability.  (Chin, J.) |
| 11/01/2004 | | Defendant's motion #85: second motion in limine: reference to |
| | | decedent as "victim", after review, the Court instructed counsel to |
| | | use the prefix "alleged" before the word victim in any reference to |
| | | the deceased, Edward J. Tolan, Jr.  (Chin, J.) |
| 11/01/2004 | | Defendant's motion #86: third motion in limine to sequester, after |
| | | review, this motion is ALLOWED with the two listed exceptions, |
| | | Trooper Michael King and Murdoch MacDonald, P.I., and the alleged |
| | | victim's daughters, after they complete their testimony.  (Chin, J.) |
| 11/01/2004 | | Defendant's motion #87: fourth motion in limine opening statement of |
| | | the assistant district attorney, after hearing and review, the |
| | | Commonwealth may reference the issue of motive in any opening |
| | | statement.  (Chin, J.) |
| 11/01/2004 | | Defendant's motion #88: for peremptory challenges, after review, the |
| | | Court indicated it would seek to find forty-eight indifferent jurors |
| | | before any are seated, which process the Defendant acceded to as |
| | | satisfactory.  (Chin, J.) |
| 11/01/2004 | | Defendant's motion #91: suggested questions for the venire, after |
| | | review, requests #1 & 2  ALLOWED.  (Chin, J.) |
| 11/01/2004 | | Defendant's motion #92: additional questions for the venire, after |
| | | review, requests #1, 2 & 5 are ALLOWED.  (Chin, J.) |
| 11/01/2004 | 93.0 | Transcript of the Defendant from the University of Rhode Island |
| | | received pursuant to interstate subpoena duces tecum. |
| 11/05/2004 | 94.0 | Defendant's motion for required finding of not guilty pursuant to |
| | | MRCriminal P Rule 25. |
| 11/05/2004 | | Defendant's motion #94: for required finding of not guilty, filed at |
| | | the close of the Commonwealth's case, DENIED.  (Chin, J.) |
| 11/08/2004 | | Defendant's motion #94: for required finding of not guilty, renewed |
| | | at the close of all the evidence, argued, considered, and DENIED; |
| | | Defendant objected thereto and preserved her rights.  (Chin, J.) |
| 11/08/2004 | 95.0 | Defendant's proposed jury instructions. |
| 11/09/2004 | | RE Offense 1:Guilty verdict |
| 11/09/2004 | 96.0 | Verdict of guilty, Murder in the First Degree, committed with |
| | | Deliberate Premeditated Malice Aforethought, recorded @ 2:30 P.M. |
| | | (Chin, J.) |

MAS-20041213   Case 1:05-cv-11386-WGY   Document 1   Filed 06/30/2005   Page 17 of 23   04/07/2005

Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Criminal Docket

09:42 AM

## BRCR2002-01467
## Commonwealth v Tolan, Peggy

| Date | Paper | Text |
|------|-------|------|
| 11/09/2004 | 97.0 | Defendant sentenced to MCI Framingham for and during the term of her natural life, committed. (Richard J. Chin, Justice) |
| 11/09/2004 | | Victim-witness fee assessed: $90.00 |
| 11/09/2004 | 98.0 | List of jurors filed. |
| 11/09/2004 | 99.0 | List of trial exhibits and items marked for identification. |
| 11/09/2004 | 100.0 | Mittimus for safe keeping issued to Cedar Junction MCI (Walpole) |
| 11/09/2004 | | Defendant warned per Chapter 22E Sec. 3 of DNA |
| 11/10/2004 | 101.0 | Defendant's renewed motion for required finding of not guilty (after recording of the verdict). |
| 12/08/2004 | 102.0 | Habeas corpus for Deft at Framingham MCI issued this day.  PfL |
| 12/16/2004 | 103.0 | Defendant's Amended Renewed Motion for Required Finding of Not Guilty; Supporting Memorandum |
| 12/17/2004 | | Hearing on (P#103) Deft's Amended Renewed Motion for Required Finding of Not Guilty held, matter taken under advisement ( Richard Chin ,Justice) |
| 12/17/2004 | | Motion (P#103) After hearing and consideration, the motion is DENIED. (Richard J. Chin, Justice/PRA). Copies mailed  December 21, 2004. |
| 12/24/2004 | 104.0 | Motion by Deft: to Withdraw Appearance and Appoint Substitute Counsel |
| 01/06/2005 | 105.0 | NOTICE of APPEAL FILED by Peggy Tolan |
| 01/13/2005 | | Motion (P#104) allowed (Robert J. Kane, Justice). Copies mailed January 14, 2005 |
| 01/13/2005 | 106.0 | Request for assignment of counsel on appeal |
| 01/18/2005 | 107.0 | Court Reporter, Marilyn Silvia, is hereby notified to prepare one copy of the transcript of the evidence of February 28, 2003 (Motion to Dismiss), and November 2 and 3, 2004 (trial). |
| 01/18/2005 | 108.0 | Court Reporter, Lori E. Saulnier, is hereby notified to prepare one copy of the transcripts of the evidence of June 10, 14 and 15, 2004 (Suppression hearings), November 5, 8 and 9, 2004 (Trial). |
| 01/18/2005 | 109.0 | Court Reporter, Kathy Pallatroni, is hereby notified to prepare one copy of the transcripts of the evidence of August 02, 2004 and December 17, 2004. |
| 01/18/2005 | 110.0 | Court Reporter, Cindy L. Lamberta, is hereby notified to prepare one copy of the transcript of the evidence of November 1 and 4, 2004 . |
| 01/20/2005 | 111.0 | Transcript of testimony entitled Transcript of Proceedings, Vol I dated 11/1/04 received from court reporter, Cindy L. Lamberta |
| 01/20/2005 | 112.0 | Transcript of testimony entitled Transcript of Proceedings, Vol IV dated 11/4/04 received from court reporter, Cindy L. Lamberta |
| 02/01/2005 | 113.0 | Transcript of testimony entitled Motion to Suppress Vol. 4 dated 8/2/04 received from Court Reporter, Kathy Pallatroni. |
| 02/01/2005 | | Transcript of testimony entitled Motion for New Trial, Vol. 1 dated 12/17/04 received from court reporter, Kathy Pallatroni. |
| 02/14/2005 | 114.0 | Appointment of Counsel Benjamin H Keehn, pursuant to Rule 53 |
| 04/06/2005 | 115.0 | Defendant's AGREED to motion for Assented-To MOTION to Deem Notice of Appeal to Have Been Timely Filed; Certificate of Service (forwarded to Chin, J.) |

**EVENTS**

MAS-20041213   Case 1:05-cv-11386-WGY   Document 1   Filed 06/30/2005   Page 18 of 23   04/07/2005
Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Criminal Docket
09:42 AM

## BRCR2002-01467
## Commonwealth v Tolan, Peggy

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 01/03/2003 | Crim 1 Ctrm 1 -upper (New | Arraignment | Event held as scheduled |
| 01/14/2003 | Crim 1 Ctrm 1 -upper (New | Conference: Pre-Trial | Defense attorney did not appear |
| 01/16/2003 | Crim 1 Ctrm 1 -upper (New | FCR / def. counsel ill today<br>Conference: Pre-Trial<br>to FCR | Event held as scheduled |
| 02/05/2003 | Crim 1 Ctrm 1 -upper (New | Hearing: Non-eviden-Discovery | Event held as scheduled |
| 02/28/2003 | Crim 1 Ctrm 1 -upper (New | Conference: Status Review | Event held as scheduled |
| 05/09/2003 | Crim 1 Ctrm 1 -upper (New | #1 and hearing on MTD<br>Conference: Status Review<br>#2 | Event held as scheduled |
| 05/27/2003 | Crim 1 Ctrm 1 -upper (New | Bail: Review | Event not held--joint request |
| 06/02/2003 | Crim 1 Ctrm 1 -upper (New | Bail Hearing<br>Conference: Pre-Trial<br>final PTC | Event rescheduled by court prior to date |
| 06/30/2003 | Crim 1 Ctrm 1 -upper (New | Bail: Review | Event held as scheduled |
| 08/26/2003 | Crim 1 Ctrm 1 -upper (New | Bail Hearing<br>Hearing: Evidentiary-suppression | Event not held--joint request |
| 11/05/2003 | Crim 1 Ctrm 1 -upper (New | Hearing: Evidentiary-suppression | Event canceled not re-scheduled |
| 02/25/2004 | Crim 1 Ctrm 1 -upper (New | 2:00 p.m.<br>Hearing: Motion | Event held as scheduled |
| 04/06/2004 | Crim 1 Ctrm 1 -upper (New | Comm's Motion to Interview Defendant<br>Hearing: Evidentiary-suppression | Event not held--joint request |
| 04/22/2004 | Crim 1 Ctrm 1 -upper (New | Status: Review by Session | Event held as scheduled |
| 04/23/2004 | Crim 1 Ctrm 1 -upper (New | Status: Review by Session | Event rescheduled by court prior to date |
| 04/28/2004 | Crim 1 Ctrm 1 -upper (New | Hearing: Evidentiary-suppression | Event not held--joint request |
| 05/19/2004 | Crim 1 Ctrm 1 -upper (New | Hearing: Misc Matters | Event held as scheduled |
| 06/04/2004 | Crim 1 Ctrm 1 -upper (New | Ostrander motion<br>TRIAL: by jury | Event canceled not re-scheduled |
| 06/10/2004 | Crim 1 Ctrm 1 -upper (New | Hearing: Evidentiary-suppression | Event held as scheduled |
| 06/14/2004 | Crim 1 Ctrm 1 -upper (New | Hearing: Evidentiary-suppression | Event continues over multiple days |
| 06/15/2004 | Crim 1 Ctrm 1 -upper (New | Hearing: Evidentiary-suppression | Event continues over multiple days |
| 07/26/2004 | Main CtRm (Taunton) | Hearing: Evidentiary-suppression | Event not reached by Court |
| 08/02/2004 | Main CtRm (Taunton) | conclusion of hearing commenced in NB on 6/10/04<br>Hearing: Evidentiary-suppression | Event held as scheduled |
|  |  | conclusion of hearing on motion to suppress which commenced in NB on<br>June 10, 2004 (Kane, J. has case and records) - counsel to submit<br>proposed findings by 8/23/04 | |
| 10/12/2004 | Crim 1 Ctrm 1 -upper (New | Conference: Lobby | Event not held--joint request |
| 10/15/2004 | Crim 1 Ctrm 1 -upper (New | Hearing: Non-eviden-Discovery | Event held as scheduled |
| 11/01/2004 | Crim 2 Ctrm 2 -lower (New | TRIAL: by jury | Trial begins |
| 11/02/2004 | Crim 2 Ctrm 2 -lower (New | Completed empanelment; began with openings after lunch.<br>TRIAL: by jury | Event continues over multiple days |
| 11/03/2004 | Crim 2 Ctrm 2 -lower (New | Excused two jurors; trial resumed.<br>TRIAL: by jury | Event continues over multiple days |
| 11/04/2004 | Crim 2 Ctrm 2 -lower (New | TRIAL: by jury | Event continues over multiple days |
| 11/05/2004 | Crim 2 Ctrm 2 -lower (New | TRIAL: by jury | Event continues over multiple days |
| 11/08/2004 | Crim 2 Ctrm 2 -lower (New | TRIAL: by jury | Event continues over multiple days |
| 11/09/2004 | Crim 2 Ctrm 2 -lower (New | TRIAL: by jury | Trial ends |
|  |  | Final arguments and jury charged with law, case to the jury @ 10:55<br>A.M. Guilty Verdict on First Degree Murder @ 2:30 P.M. | |

# BRCR2002-01467
## Commonwealth v Tolan, Peggy

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 12/17/2004 | Crim 2 Ctrm 2 -lower (New | Hearing: Post-Sentence | Event held as scheduled |
| | | Defendant's motion #100: renewed motion for required finding of not guilty, to be heard @ Fall River Superior Court in Civil "A" Session | |

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT

BRISTOL, ss.                                INDICTMENT #    62-1467

BRISTOL S         COURT

JAN – 3 2003

                        COMMONWEALTH

                              vs.

                      Peggy Tolan

# APPEARANCE

---

## ORDER OF COURT

*An attorney who has entered an appearance on behalf of a defendant in a criminal case in the Superior Court shall not, except by express leave of Court, withdraw said appearance.*

---

I hereby enter my appearance for the above-named defendant.

(Signature of Attorney)

Francis M. O'Boy
(Printed Name of Attorney)

41 Harrison St
(Street Address)

Taunton
(City, State & Zip Code)

508 823-1133
(Telephone #)

365460
(BBO#)

1/3/03
(Date)

**COMMONWEALTH OF MASSACHUSETTS**

BRISTOL, ss.

I, John F. Losowski, Assistant Clerk of the Superior Court within and for the

County of Bristol, having custody of the records of said Court, do hereby certify that the

foregoing are true copies of the indictment together with endorsements thereon, and

the Docket Entries, in criminal case(s) numbered BRCR2002-1467, COMMONWEALTH

vs. PEGGY TOLAN.

I further certify that our docket indicates that the above named Defendant,

PEGGY TOLAN was represented by counsel, Francis M. O'Boy, Esquire, 41 Harrison

Street, Taunton, Massachusetts, 02780.

IN WITNESS WHEREOF, I have hereunto set

my hand and affix the seal of said Superior Court, this

13th day of April, 2005.

John Losowski, Assistant Clerk

**(Seal)**



# GANNON & SCOTT, INC. RETIREMENT PLAN

Personal Statement For: EDWARD TOLAN
Social Security Number: 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
As of December 31, 2004

| | 01/01/2004 Balance | Contribution | Forfeit. | Withdrawal | Transfer In | Transfer Out | Gain Or Loss | Expenses | 12/31/2004 Balance | % | - - Vested - - Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| EMPLOYER DISCRETIONAR POOLED ACCT | 18,856.73 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,773.73 | 0.00 | 20,630.46 | 100% | 20,630.46 |
| ₹GE MP POOLED ACCT | 12,956.84 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,2¦8.76 | 0.00 | 14,175.60 | 100% | 14,175.60 |
| Total | 31,813.57 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,9?2.49 | 0.00 | 34,806.06 | | 34,806.06 |

Prepared By : Merlino Employee Benefits Group, LLC

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Gannon & Scott, Inc.

**DEFENDANTS**

Peggy Tolan and Elizabeth Tolan and Sarah Tolan

**(b)** County of Residence of First Listed Plaintiff    Providence County / Cranston, Rhode Island
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Middlesex County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**05-11386 WGY**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Linda Rekas Sloan, Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301, Providence, RI 02903

Attorneys (If Known)

Francis M. O'Boy for Peggy Tolan
Brian Sylvia for Elizabeth and Sarah Tolan

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

Appeal to District Judge from Magistrate Judgment

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1335

Brief description of cause:
Interpleader for ERISA qualified retirement plan proceeds

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____  DOCKET NUMBER _____

DATE  6-27-05

SIGNATURE OF ATTORNEY OF RECORD  _Linda Rekas Sloan_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) _____Gannon & Scott, Inc. vs. Peggy Tolan_____

_____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ✓ | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
| ☐ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| ✓ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

**05 _ 11386 WGY**

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    N/A _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                            YES ☐    NO ✓

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                            YES ☐    NO ✓
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                            YES ☐    NO ✓

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                            YES ☐    NO ✓

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                            YES ☐    NO ✓

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐        Central Division ☐        Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ✓        Central Division ☐        Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                            YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _Linda Rekas Sloan, Salter McGowan Sylvia & Leonard, Inc._

ADDRESS _321 South Main Street, Suite 301, Providence, RI 02903_

TELEPHONE NO. _(401) 274-0300_

(CategoryForm.wpd - 2/15/05)